PHILIP F. COHEN, Appellant, *v.* WOOD & SELICK, INC., Respondent.

First Department, October 30, 1925.

Sales — action by assignee of seller for breach of contract — c. i. f. con-
tract — complaint alleged performance — plaintiff failed to tender
documents — performance not shown — plaintiff failed to show ability
to perform — not error to set aside verdict for plaintiff.

In an action by the assignee of the seller of goods to recover damages for breach of contracts on the part of the buyer, it was not error for the court to set aside the verdict in favor of the plaintiff, since it appears that the contracts in question were c. i. f. contracts for cocoa beans December-February shipment; that the complaint alleged performance on the part of the plaintiff; that the plaintiff did not own or have any cocoa beans at the time for performance of the contracts, but had merely an oral option on cocoa beans that had been shipped in February from British West Africa; that there was no showing that the cocoa beans in that shipment complied with the terms of the contracts; and that the plaintiff did not show a performance of the contracts by proof of a tender of the documents which is required under a c. i. f. contract, but showed simply that he exhibited the contracts to the defendant and suggested that they might be willing to settle for cash, in view of the drop in the cocoa bean market.

Furthermore, the evidence does not show that the plaintiff was in a position to perform the contracts, since it does not appear that he had a valid option on cocoa beans that would comply with the terms of the contracts.

APPEAL by the plaintiff, Philip F. Cohen, from an order of the Supreme Court, made at the New York Trial Term and entered in the office of the clerk of the county of New York on the 21st day of February, 1924, setting aside the verdict of a jury rendered by direction of the court in favor of the plaintiff, and also from a judgment entered in said clerk's office on the 27th day of March, 1924, pursuant to said order.

*Herman & Ernst* [*Harry E. Herman* of counsel; *Arthur O. Ernst* with him on the brief], for the appellant.

*Thomas & Houghton* [*Hector W. Thomas* of counsel; *Woolsey A. Shepard* with him on the brief], for the respondent.

Dowling, J.:

This is an action for damages for the breach of two contracts made by plaintiff's assignor, Semtob R. Sequerra & Co., with the defendant, for the sale to it of cocoa beans. The first cause of action is based on the contract evidenced by the following letters:

(Letterhead of Wood & Selick, Inc., New York City.)

" *November 8th,* 1920.

" Messrs. Semtob R. Sequerra & Co.,
     " 50 Broad Street,
          " City:

" Gentlemen.— We beg to confirm the purchase from you today of 200 tons F. F. Accra Cocoa, for December/February shipment from abroad, at 53/6 per cwt., New York landed weights, c. i. f. New York. Payment by Unconfirmed Credit, draft at 90 days on London. You to give us in due time instructions for the issuance of Letter of Credit.          Yours very truly,

" WOOD & SELICK, INC.

" FJR-FM                                            F. J. R."
     " Phone Rector 8719
                    8718

" Branches at                    Cable Address Transafric
" Gold Coast                    Codes
" B. W. A.                    Bentley's
                              A. B. C. 5th Edition
                              Simplex
                              Liebers.

" Semtob R. Sequerra & Co.
     " Head Office: Lisbon
" New York Agency (Temporary Address)
          " 20 Broad Street.

" HS/SS                    New York, *9th November,* 1920.
" Messrs. Wood & Selick, Inc.,
     " 36 Hudson Street,
          " City:

" Gentlemen.— We beg to acknowledge receipt of your letters dated yesterday confirming our sales of:

     200 tons Fair Fermented Accra Cocoa New Crop at 53/6 per cwt. December/February shipment from West Africa C. I. F. New York and delivered weights.

Payment by Unconfirmed L/C draft on London at 90 days sight. 250 bags Fine Santhome Cocoa at 69/6 November/December shipment C. I. F. New York and delivered weights.
Payment by confirmed L/C draft on London at 90 days sight.

" Yours very truly,
" SEMTOB R. SEQUERRA & CO."

The second cause of action is upon a contract evidenced by the following letters:

(Letterhead of Wood & Selick, Inc., New York City.)

" *November* 11, 1920.
" MESSRS. SEQUERRA & Co.,
        " 20 Broad Street,
                " City:

" GENTLEMEN.— We beg to confirm the purchase from you today of 160 tons F. F. Accra Cocoa, usual quality, at 51/6 per cwt. c. i. f. New York, delivered weights, payment by Unconfirmed Letter of Credit, draft at 90 days sight on London for December/ February shipment.
" Kindly favor us with usual contract.
" Yours very truly,
" WOOD & SELICK, INC."

(Same letterhead of Semtob R. Sequerra & Co. as above set forth in full.)

" NEW YORK, 12*th November*, 1920.
" MESSRS. WOOD & SELICK, INC.,
        " 36 Hudson Street,
                " City:

" GENTLEMEN.— We beg to acknowledge receipt of your letter dated 11th inst. confirming our sale of:
160 tons (hundred and sixty) Fair Fermented Accra Cocoa New Crop at 51/6 per cwt. December/February shipment from West Africa c. i. f. New York and delivered weight.
Payment by Unconfirmed L/C draft on London at 90 days sight.
" Yours very truly,
" SEMTOB R. SEQUERRA & CO."

The testimony shows that plaintiff's assignor was duly advised under date of January 31, 1921, of the opening of unconfirmed credit by mail with Wm. Brandt's Sons & Co. of London, in its favor, in the amounts of £10,700 and £8,240, respectively, for the 200 tons and 160 tons in conformity with said contracts.
Plaintiff proved the arrival of two vessels in the port of New

York during the latter part of March, 1921.   Of these, the *Sweet Hope* sailed from British West Africa about February sixteenth, and arrived here on March 21, 1921.   The other, the *Bassa*, sailed from the same place on February twentieth, and arrived here on March 25, 1921.

On March 28, 1921, the contracts in suit having been assigned to the plaintiff, he prepared himself to carry out the contracts with the defendant.   He owned no cocoa with which to fulfill the contracts, so on that day he went to Von Dannenberg & Pick, cocoa bean brokers, and asked them to get samples from the *Sweet Hope* and *Bassa*, and to find out the quantity and quality of the cocoa on board those vessels and who the consignees were, and to get samples.   Von Dannenberg & Pick obtained the samples and plaintiff found they were " prime cocoa," " good cocoa," which in the trade were interchangeable terms.   Plaintiff was asked by his counsel:   " Q. What has it to do with fair fermented Accra cocoa of new crop?   A. Fair fermented cocoa is simply a designation of the type of cocoa, of the grade.   Q. Is prime cocoa fair fermented cocoa?   A. It can be, yes."

Pick claims that his firm obtained an oral option on the cocoa on these vessels, and then, as Pick testified, he called up Wood & Selick and said to Mr. Ryan:   " I told him that we were acting for Cohen on a contract for Sequerra, and that they were ready to make a tender against that contract, and he said: ' Lay off.' "

Plaintiff testified that he then went to defendant's office and saw Mr. Triller, the head of the concern; he had with him the contracts in question.   He said:   " I held these [the contracts] out to Mr. Triller and said, ' Mr. Triller, I am the assignee of these contracts.   These contracts have been assigned to me, and I can deliver off of the " Sweet Hope " or the " Bassa; " but I thought that you would prefer some cash settlement in view of the present condition of the market rather than take this cocoa.   I know you have done this before with Sequerra.'   Q. By this — A. Meaning that he had made cash settlements when the market had dropped, and he looked at me a minute and looked at the contracts and said ' How do you know that these contracts are any good? '   And I said, ' They are Wood & Selick's contracts and I know good contracts.' "

Further:   " He said: ' You better consult a lawyer.'   So then I looked at them a moment and said: ' Do you mean by that that you refuse to take delivery of this cocoa? '   He said: ' I mean just that; and furthermore I refuse to discuss it any longer.   Good day.'   That is all that was said."

On March 29, 1921, defendant sent the following letter:

"New York, *March* 29, 1921.
"Messrs. Semtob R. Sequerra & Company,
     "20 Broad Street,
          "N. Y. City:
"Gentlemen.— We beg to refer to contract of November 9th, 1920, for 200 tons of Fair Fermented Accra Cocoa Beans at 53/6 per cwt. c. i. f. New York, delivered weights, for December/February shipment from the West Coast of Africa; also contract of November 12th, 1920, for 160 tons of Fair Fermented Accra Cocoa Beans at 51/6 per cwt. c. i. f. New York, delivered weights, for December/February shipment from the West Coast of Africa.

"As we have asked you repeatedly for declarations on these shipments and same have not been forthcoming, we take this method of advising you that we have cancelled Credit with our bankers, and now consider the contracts void owing to your failure to make proper declarations.

"A tender after this date will not be acceptable as we do not desire the Cocoa.          "Yours very truly,
               "WOOD & SELICK, INC."

To this plaintiff replied as follows:

"*March* 31*st,* 1921.
"Messrs. Wood & Selick, Inc.,
          "Hudson, Duane & Thomas Streets,
               "New York City, N. Y.:
"Gentlemen.— Your letter of March 29th, 1921, addressed to Semtob R. Sequerra & Company, 20 Broad Street, City, has been turned over to me, as assignee of their contracts with you of November 9th, 1920, and November 12th, 1920.

"I am as much surprised at the position you take in this letter, as I was at your attitude when I spoke to you yesterday.

"It is perfectly apparent that a decline in the price of Cocoa Beans is the real reason for your repudiation of the above contracts.

"Accordingly, I herewith beg to give you notice that because of your repudiation of the contracts and your statement that a tender of the cocoa after March 29th, 1921, would not be acceptable, I elect to rescind the contracts of sale, to treat said agreements as abandoned by you, and will hold you responsible to me for all damages.          "Yours very truly,
               "PHILIP F. COHEN."

On the trial the learned court directed a verdict for plaintiff in the sum of $23,797. Later he set this verdict aside and dismissed the complaint. In his opinion he pointed out that while the broker Pick and the plaintiff both said they counted on obtaining

the cocoa from the two vessels indicated, still " they were both too vague and indefinite to make it satisfactorily appear that it could be obtained there in the contract quality and quantities. Pick said his firm had a verbal option, good for two or three hours, for between four and five hundred tons of ' usual good quality of the season and subject to approval as such upon arrival and examination.' This is not testimony that the required merchandise was on those ships in the necessary number of tons. On the other hand, plaintiff produced the witness Glasser, who had better information as to what the ships contained. He testified that most of the cargo on the steamship ' Sweet Hope ' had been sold ' to arrive ' and that ' close on to 300 tons ' was sold *ex* dock. He did not show that new crop cocoa could have been purchased from that cargo. His testimony indicates that 3,151 bags thereof was not new crop, and he failed to point out whether or not it was therefrom that the cocoa came which was sold *ex* dock. As a result, his testimony furnishes no basis for a conclusion that new crop cocoa was purchasable, after the arrival of the vessel, in the quantity called for by either contract. Plaintiff did not prove that he was able to proceed to fulfill the sellers' obligations on March 28 or March 29, 1921. For all that appears it might have been the fact that he had allowed matters to develop in such way that he could never perform."

These conclusions of the learned trial court are fully justified by the evidence in the case. Moreover the complaint herein alleges due performance, which plaintiff absolutely failed to establish. In *Dwane* v. *Weil* (199 App. Div. 719; affd., without opinion, 235 N. Y. 527) it was said (at p. 730): " The theory of a c. i. f. contract is that it constitutes a sale of goods by delivery not of goods but of documents, viz., a bill of lading, invoice and policy or certificate of insurance, and that it is incumbent upon the seller to deliver or to tender delivery of them to the buyer within a reasonable time after the date agreed upon for the shipment of the goods, and that on performance of that duty by the seller it becomes the duty of the buyer to accept the documents which will entitle him to receive the goods if they arrive, and to enforce any claim of liability there may be either against the carrier or the insurer, and, therefore, in such cases it becomes immaterial in whom the title was, either at the time of or prior to the delivery or tender of delivery of the documents, and it likewise becomes immaterial whether the goods have been lost in transit before or are so lost after the delivery or tender of delivery of the documents [citing cases]."

The plaintiff here did not tender any documents whatever to

defendant. All he had with him when he called on defendant was the contracts which he desired, not to perform but to obtain a settlement based thereon.

It is plain that plaintiff was not prepared to fulfill his contracts with defendant, but relied upon the existence of the contracts and the fact that defendant had previously compromised demands based on similar contracts made by it, in view of the falling market in cocoa. But that did not bind defendant to settle all claims on its outstanding contracts, and plaintiff having alleged and failed to prove due performance, and having as well failed to prove ability to perform, the order and judgment appealed from should be affirmed, with costs.

Clarke, P. J., Finch, McAvoy and Burr, JJ., concur.

Judgment and order affirmed, with costs.